UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DERRICK L. HOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-02255-TWP-CSW |
| | ) |
| ADENUGBA, | ) |
| | ) |
| Defendant. | ) |

## Order Denying Motion for Court Assistance

This matter is before the Court on a letter from Plaintiff Derrick L. Hood's ("Hood"), which has been docketed by the clerk as a Motion for Court Assistance. (Dkt. 10). Hood, an inmate at Plainfield Correctional Facility, filed this action pursuant to 42 U.S.C. § 1983 alleging assault by Defendant Adenugba ("Officer Adenugba). The request for court assistance, is understood to seek a preliminary injunction. For the reasons explained below, the Motion is **denied**.

### I.     The Motion

Hood initiated this action on December 14, 2023 alleging that Officer Adenugba retaliated against her through a sexual assault, because she filed a charge against him in November 2023. (Dkt. 1). Specifically, Hood alleges "Officer Adenugba knows I'm a trans man and he took me in a mop closet and sexually assaulted me." *Id*. In the motion for court assistance, she asserts that the "DOC" has retaliated against her again, and they have her in a dangerous situation. (Dkt. 10 at 1). She reports that "the individual in my room has been making threats toward me on several different occasions about not liking transgender people" and that staff has threatened her that if she does not stop complaining they will put her in a worse place in the facility. *Id*. Hood does not seek specific relief but asks the Court to help.

## II.     Discussion

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction a plaintiff first must show that: "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020).

However, the Court will not address the three threshold elements because, as a preliminary matter, a request for injunctive relief must necessarily be tied to the specific claims on which the plaintiff is proceeding. *See Benisek v. Lamone*, 138 S. Ct. 1942, 1945 (2018) ("[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." (cleaned up)); *see also DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally.").

Hood's complaint describes an assault by Officer Adenugba while the motion for court assistance describes threats by another inmate and other officers. *See Maddox v. Wexford Health Sources, Inc.*, 528 F. App'x 669, 672 (7th Cir. 2013) ("An injunction, like any 'enforcement action,' may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court") (quoting *Lake Shore Asset Mgmt., Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007)). Accordingly, this Court lacks authority to grant the relief requested, and the motion must be denied. *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) (holding that absent a nexus between underlying claims and request for injunctive relief, district court has no authority to grant

injunctive relief) (citing *DeBeers Consol. Mines*, 325 U.S. at 220). The Court feels great empathy for Hood's situation, however, she must first pursue her additional claims through the Indiana Department of Correction's grievance process, and, if necessary, by filing a separate lawsuit.

### III.   Conclusion

Because Hood's motion for court assistance is outside the scope of the claims proceeding in this action and is based on conduct by non-defendants, her motion for court assistance, dkt. [10], must be **denied**. Instead, she must pursue her new claims, if at all, in a separate lawsuit.

**IT IS SO ORDERED.**

Date: 4/11/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DERRICK L. HOOD
294557
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168